Andrew L. Deutsch (State Bar No. 319286)
andrew.deutsch@us.dlapiper.com
Marc E. Miller (admitted *pro hac vice*)
marc.miller@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA  90067-4704
Tel:  310.595.3000   Fax:  310.595.3300

Attorneys for Plaintiffs-Counterclaim Defendants
AM PARTICIPATIONS S.A.S. and
INDISUMO GROUP S.A.S., and
Counterclaim Defendant PRETTYBIRD, LLC

Patricia A. Millett (State Bar No. 150756)
pmillett@kwikalaw.com
Kristen L. Spanier (State Bar No. 181074)
kspanier@kwikalaw.com
KINSELLA WEITZMAN ISER KUMP LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, CA  90401
Tel:  310.566.9800   Fax:  310.566.9850

Attorneys for Defendants-Counterclaim Plaintiffs
DIVISION7, LLC and SMUGGLER HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AM PARTICIPATIONS S.A.S. and INDISUMO GROUP S.A.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>DIVISION 7, LLC and SMUGGLER HOLDINGS LLC,<br><br>Defendants. | CASE NO.:  2:20-CV-07633 PSG (JPRX)<br><br>**STIPULATED PROTECTIVE ORDER** |
| AND RELATED COUNTERCLAIM. | |

Plaintiffs-Counterclaim Defendants AM Participations S.A.S. and Indisumo Group S.A.S. ("Indisumo" or "Plaintiffs"), Counterclaim Defendant Prettybird, LLC ("Prettybird") and Defendants-Counterclaim Plaintiffs Division7, LLC ("D7") and Smuggler Holdings LLC ("Smuggler" and collectively with D7, "Defendants"), by and through their attorneys of record listed below, hereby enter the following Stipulation for Protective Order ("Protective Order"):

# 1. INTRODUCTION

## 1.1 PURPOSES AND LIMITATIONS

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or attempting to settle this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.  The Parties agree, however, that except for documents and information that are publicly available or otherwise accessible in discovery, documents and information produced in discovery, regardless of whether designated as Confidential hereunder, shall only be used for purposes of litigating this case.

## 1.2 GOOD CAUSE STATEMENT

This is an action for trademark infringement and unfair competition. Plaintiffs, Prettybird, D7 and their affiliates are engaged in the business of producing

commercials and music videos. The client base for commercial and music video production services include record labels, artists and their representatives, and advertisers and advertising agencies. This market for the Parties' services is highly competitive and it is common for multiple production companies to bid for the same project. Documents relating to such bids and the contracts that result from bids often contain confidential, proprietary and competitive information of the bidding company which is highly valuable to that company and which, if disclosed, could be used by the bidder's competitors and cause harm to the bidder's future ability to compete. The Parties anticipate that some of the documents to be produced in the action will contain such confidential, proprietary, and competitive information for which special protection from public disclosure and from use for any purpose other than prosecution, defense or settlement of this action is warranted. The Parties also anticipate that some of the documents to be produced in this action will contain information that a Party believes in good faith to be subject to US and non-US data protection and privacy laws and regulations, including but not limited to The European Union (EU) General Data Protection Regulation (GDPR) (Regulation (EU) 2016/679) and/or any other relevant laws and regulations. Such private, confidential, proprietary, and competitive information materials and information are likely to consist of, among other things, personal identifying information (such as Social Security numbers or tax identification numbers), budget proposals, third-party contracts, customer lists, financial records such as invoices and pricing information, confidential research, prospective business plans, unpublished drafts of artistic works, unpublished creative materials and ideas, as well as business records containing confidential, proprietary sales, marketing, or advertising strategies, and personal, private and confidential information such as names, addresses, phone numbers, e-mail addresses, and other non-public information. Disclosure of this information publicly may not only harm the Parties' competitive standing in the marketplace, but also cause potential harm to nonparties by disclosing private information of the Parties'

employees and/or customers, and the Parties do not have permission to disclose such information publicly. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties or third parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.      DEFINITIONS**

2.1     <u>Action</u>: this pending federal lawsuit.

2.2     <u>Challenging Party</u>:  a Party or Nonparty that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement, including information that a Party believes in good faith to be subject to the foreign data protection and privacy laws and regulations, including but not limited to The European Union (EU) General Data Protection Regulation (GDPR) (Regulation (EU) 2016/679) and/or any other relevant laws and regulations. The information identified in the Good Cause Statement is for purposes of example only and is not intended to exclude information that is outside the listed categories but for which there is good cause to treat as "confidential."

2.4     <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Nonparty:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.  For purposes of this Protective Order, and for no other purposes in this litigation, the law firm of Rayner Rowe LLP, which is outside counsel to Defendants, shall be included in the definition of Outside Counsel of Record.

2.11    Party:  any named party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs (including in any court order pertaining

to the handling of Protected Material at trial).  Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1  Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

    a.  for information in documentary form (for example, paper or electronic documents including written discovery responses but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing

Party must affix at a minimum the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or materials it would like copied and produced. During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL." After the inspecting Party has identified the documents or material it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents or materials, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

      b.    for testimony given in depositions or in other pretrial proceedings, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition, hearing or other proceeding, with reference to the specific testimony being designated or by written notice to all counsel of record within twenty-one (21) days after the date the transcript is certified by the court reporter and transmitted to counsel.. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" in accordance with this Order. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their

possession or control as provided for in the written notice. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Section 7.2 below for a period of twenty-one (21) days after the date the transcript is certified by the court reporter and transmitted to counsel, except that portions of the transcript may be filed under seal with the Court as permitted by Local Rule 79-5 in connection with these proceedings. The Parties will meet and confer in good faith regarding the filing of such material in order to avoid the need for a sealing application, including by agreeing on redactions if appropriate.

   c. for information produced in some form other than documentary (including electronic form) and for any other tangible items, the Producing Party must affix the legend "CONFIDENTIAL" on the electronic document (if possible) or in a prominent place on the exterior of the container or containers in which the information is stored. If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

   d. the Designating Party may redact information that it claims in good faith requires protection under foreign data protection and privacy laws and regulations, including but not limited to The European Union (EU) General Data Protection Regulation (GDPR) (Regulation (EU) 2016/679) and/or any other relevant laws and regulations. Unless the Court orders otherwise, such information shall also be redacted from any public filing not filed under seal. The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of confidentiality as set forth in Section 6.

5.3 If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Any Party may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2   The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3   The burden of persuasion in any such proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" by the Designating Party only to the following people:

      a.    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      b.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

      c.    professional jury or trial consultants and Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      d.    the Court, its personnel, and any special master, or referee authorized to act in this proceeding;

      e.    court reporters and videographers and their staff;

      f.    and Professional Vendors to whom disclosure is reasonably necessary for this Action;

      g.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      h.    during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

i.       any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

Other than the persons identified in subsections (d) and (i) above, all individuals to whom Confidential Material is to be disclosed shall be informed of the existence of this Protective Order, shall be provided with a copy thereof, and shall be instructed that Confidential Matter may not be disclosed to anyone other than those persons authorized by this Protective Order.  Counsel for Parties shall take reasonable steps to ensure adherence to the terms and conditions of this Protective Order by their respective employees.

Counsel for any Party disclosing Protected Material pursuant to Paragraph 7(c) shall retain a copy of all "Acknowledgement and Agreements to Be Bound" signed by any person to whom disclosure is made.

### 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

a.       promptly notify in writing the Designating Party so as to provide it with a reasonable opportunity to object to the disclosure of the Confidential Material as appropriate. Such notification must include a copy of the subpoena or court order unless prohibited by law;

b.       promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

c.       cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission or is otherwise ordered by any court having jurisdiction over the matter. The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a. The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

b. In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must:

(1) promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2) promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      (3) make the information requested available for inspection by the Nonparty, if requested.

  c. If the Nonparty fails to seek a protective order before the earlier of 21 days of receiving the notice and accompanying information, or the date for production set forth in any subpoena or order, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request. Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

  If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

  The production of privileged or work-product protected documents, electronically stored information, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum

protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of evidence, electronically stored information, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). However, for the avoidance of doubt, after being notified by a Producing Party, the Receiving Parties must promptly (but in no event later than five days) return, sequester, or destroy the specified information and any copies it has and shall notify the producing party of such sequestering or destruction.

**12. MISCELLANEOUS**

12.1 Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2 This Protective Order may be modified only by Order of the Court on stipulation or motion by a Party or Parties or by other Order of the Court.

12.3 Nothing contained herein is intended to limit or otherwise affect a Party's use of its own Confidential Information.

12.4 By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.5 A Party that seeks to file under seal any Protected Material, without the written permission of the Designating Party or a Court order secured after appropriate notice to all interested parties, must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected

Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

## 14. SANCTIONS

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

|    |                         |                                              |
|----|-------------------------|----------------------------------------------|
| 1  |                         | Respectfully submitted,                      |
| 2  | Dated: March 16, 2021   | **DLA Piper LLP (US)**                       |

By: /s/ Andrew L. Deutsch
Andrew L. Deutsch
Marc E. Miller

*Attorneys for Plaintiffs-Counterclaim Defendants*

Dated: March 16, 2021   **Kinsella Weitzman Iser Kump LLP**

By: /s/ Patricia A. Millett
Patricia A. Millett
Kristen L. Spanier

*Attorneys for Defendants-Counterclaim Plaintiffs*

### SIGNATURE CERTIFICATION

Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), I hereby certify that authorization for the filing of this document has been obtained from the other signatory shown above and that the signatory has authorized placement of his electronic signature on this document.

**DLA Piper LLP (US)**

By: /s/ Andrew L. Deutsch
Andrew L. Deutsch
Marc E. Miller
*Attorneys for Plaintiffs-Counterclaim Defendants*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: March 17, 2021  By: _/s/ Jean Rosenbluth_____
Honorable Jean P. Rosenbluth
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____